```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                       OCALA DIVISION
```

FERNANDO NINO,

                Plaintiff,

vs.                              Case No.   5:13-cv-594-Oc-29PRL

WARDEN, FCC COLEMAN-LOW,

                Defendant.
_____

## OPINION AND ORDER

**I.**

This matter comes before the Court upon review of Defendant's motion to dismiss and memorandum of law (Doc. #5, Motion), filed December 10, 2013. The Court ordered Plaintiff to file a response to the Motion on or before January 22, 2014.[1] As of the date on this

---

[1] Initially the Court ordered Plaintiff to respond to Defendant's motion on or before December 27, 2013. See Doc. #6. The order was returned as undeliverable on January 6, 2014. Plaintiff did not update his current mailing address for the record. See docket. Instead, upon receiving the order returned as undeliverable, the Clerk of Court searched to find Plaintiff's new mailing address. See docket. Thus, the Court issued a second order on January 14, 2014, directing Plaintiff to file a response to Defendant's motion on or before January 22, 2014. The Court also ordered Plaintiff to show cause why the action should not be dismissed for failure to prosecute on or before January 22, 2014. The Clerk mailed this order to the correct address.
    As of the date on this Order, Plaintiff has neither responded to the Court's Order to Show Cause, nor responded to Defendant's motion to dismiss for failure to exhaust administrative remedies. Alternatively, this action could be dismissed based on Plaintiff's failure to prosecute and for failure to either pay the filing fee or file a complete motion for leave to proceed as a pauper as required by Local Rule 1.03(e)(M.D. Fla. 2009).

Order Plaintiff has not filed a response. See docket. This matter is ripe for review.

**II.**

Plaintiff Fernando Nino, a federal prisoner incarcerated in the Bureau of Prisons ("BOP"), initiated this action proceeding *pro se* by filing a Civil Rights Complaint (Doc. #1, "Complaint") on December 5, 2013.[2] The Complaint alleged that BOP officials were planning on transferring Plaintiff to another federal correctional institution and his transfer would result in no treatment for his progressive cancer. See Complaint. Upon review, the Court directed Defendant to file an expedited response to the emergency Complaint. Defendant filed a response, incorporating a motion to dismiss for failure to exhaust the claim before the BOP. See Motion at 5.

On December 16, 2013, the Court entered an order (Doc. #6, "Order") finding that the Complaint did not warrant emergency treatment. See generally Order. The Court further noted that to the extent Plaintiff wished to pursue an Eighth Amendment claim related to the medical treatment provided for his medical condition, Plaintiff must file a response to Defendant's motion addressing whether he exhausted his administrative remedies with the BOP prior to filing the

---

[2]Plaintiff actually filed the action on the "FORM TO BE USED BY FEDERAL PRISONERS IN FILING A PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 SECTION 2241." Upon review, the Court found Plaintiff really meant to file an action pursuant Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), and directed the Clerk to correct the docket accordingly. See Doc. #3.

action. Id. at 4. Plaintiff did not file a response and his time to do so has expired.

## III.

The Prison Litigation Reform Act, which amended The Civil Rights of Institutionalized Persons Act, provides as follows:

> (a) Applicability of administrative remedies. No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility ***until such administrative remedies as are available are exhausted***.

42 U.S.C. § 1997e(a)(emphasis added). Although prisoners are not required to plead exhaustion, Jones v. Bock, 549 U.S. 199, 216 (2007), "[t]here is no question that exhaustion is mandatory under the PLRA, and that unexhausted claims cannot be brought in court." Id. at 211; see also Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011).

To "properly exhaust" administrative remedies a prisoner must complete the administrative review process, as set forth in the applicable prison grievance process. Jones, 549 U.S. at 218. A prisoner cannot satisfy the exhaustion requirement by filing an untimely or otherwise procedurally defective administrative grievance or appeal. Woodford, 548 U.S. at 92-103.

Whether an inmate has exhausted his available administrative remedies is a factual issue that is properly made by the court. Bryant v. Rich, 530 F.3d 1368, 1374 (11th Cir. 2008). Thus, "[e]ven

though a failure-to-exhaust defense is non-jurisdictional, it is like a defense for lack of jurisdiction in one important sense: Exhaustion of administrative remedies is a matter in abatement, and ordinarily does not deal with the merits." Id. (footnote, internal quotations, and citations omitted). The defense of exhaustion is properly raised in a motion to dismiss as a "matter of judicial administration." Id. at 1375. Thus, the court is permitted to look beyond the pleadings to decide disputed issues of fact in connection with the exhaustion defense. Id. at 1377, n.16.

The Bureau of Prisons provides a three-level administrative grievance procedure for inmate complaints (institutional, regional, and national). 28 C.F.R. § 542.10-§ 542.16. Initially, an inmate may seek resolution of the issues by seeking an informal resolution with staff. Id. at § 542.13(a). If unsuccessful, an inmate may then file a formal written complaint with the institution. Id. at § 543.13(b). The informal request must be completed, and the formal request filed, within "20 calendar days following the date on which the basis for the Request occurred." § 542.14(a). An appeal must then be taken to the Regional Director. Id. at § 542.15. Finally, an inmate should appeal the Regional Director's response to the General Counsel for the BOP. Id. at § 542.14(a). Upon issuance of a response from the General Counsel, an inmate's available administrative remedies are deemed exhausted. Each of these steps is generally required to satisfy the

exhaustion prerequisite. However, at any of these steps, if a grievance is filed outside the parameters established by the BOP, the BOP will reject and return the grievance to the inmate. <u>Id.</u> § 542.17.

Defendant asserts that Plaintiff did not properly exhaust these remedies. Motion at 5. Plaintiff does not respond to the Motion to show otherwise. <u>See</u> docket. Accordingly, the Court finds that Plaintiff failed to properly exhaust his administrative remedies prior to filing this action.

ACCORDINGLY, it is hereby

**ORDERED:**

1. Defendant's motion to dismiss (Doc. #5) is **GRANTED.**

2. Alternatively, this action is dismissed based on Plaintiff's failure to prosecute and/or for failure to either pay the filing fee or file a complete motion for leave to proceed as a pauper as required by Local Rule 1.03(e)(M.D. Fla. 2009) and the Court's December 16, 2013 and January 14, 2014 Orders.

3. The Clerk of Court shall terminate any pending motions, enter judgment accordingly, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida, on this ___28th___ day of January, 2014.

*/s/ John E. Steele*
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

SA: ALJ
Copies: All Parties of Record